IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUIS ORLANDO HARMON #543208, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00758 |
| ) | |
| FRANKLIN COURT REPORTERS, ) | Judge Campbell |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff Louis Harmon filed this *pro se* action against Franklin Court Reporters, which the Court construes to be brought under 42 U.S.C. § 1983 . The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.   Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).  The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at \*5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II. Factual Allegations

Plaintiff alleges that Defendant Franklin Court Reporters "had authority over the transcript taken on March 4, 2013," and "allowed untrue statements to be placed in the transcript." Although Plaintiff does not specify the event that was being transcribed, he was apparently a participant in it, because he goes on to allege that Defendant "with or without intentional harm allowed Mr. Harmon to be portrayed as an angry and disrespectful person." He alleges that "[t]he transcript was to be used by an assistant district attorney regarding a jury trial," but does not allege how or even whether the transcript impacted that trial. Plaintiff alleges that he was injured in that he "suffers a loss of quality of life in being unable to trust and rely on the court reporters of the United

States of America" and "suffers from severe frustration and confusion."  He "ask[s] that vicarious and strict liability be imposed on the Defendant for an amount of $75,000."

**III.    Discussion**

Plaintiff presumably brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case Plaintiff fails under both elements.  Plaintiff's allegations do not implicate any constitutional rights.  He does not enjoy a constitutional right not to be frustrated or confused, or a right not to be portrayed in a negative light.  There is also no constitutional right to a perfectly accurate transcript. *E.g.*, *Hampton v. Segura*, 276 F. App'x 413, 415 (5th Cir. 2008).  Where Plaintiff has not alleged any mistakes that "materially alter the testimony and evidence" in question, he has not alleged facts from which the Court could infer any constitutional violation. *Id.*  Moreover, the complaint acknowledges that the alleged errors may not have been intentional.  "[N]egligence in transcription, by itself, is insufficient to support [a] § 1983 claim." *Id.*; *see also Turner v. City of Taylor*, 412 F.3d 629, 649 (6th Cir. 2005) (negligence does not establish a constitutional tort).

Second, "[a] court reporter employed by the state acts under color of state law, while independent contractors do not." *Hieshetter v. Sawyer*, No. 1:14-CV-176, 2014 WL 1875119, at *5 (W.D. Mich. May 8, 2014).  Plaintiff does not allege that Defendant is employed by the state, and the very name of the Defendant suggests that it is an independent business that simply provides services on a contract basis.  Even if the Court were to assume for purposes of initial review that

the Defendant was acting under color of state law, it cannot be found liable solely on the basis of *respondeat superior*. *Thomas v. Coble*, 55 F. App'x 748, 748-49 (6th Cir. 2003). For the company to be liable for the alleged actions of its employee(s), Plaintiff must prove that his injury was caused by an action taken pursuant to some official policy or custom of the company. *Id.* at 749 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996). Plaintiff has not alleged any such policy or custom played a role in this case.

Finally, the Court notes that Plaintiff filed his complaint in July 2015 about an alleged violation that took place in March 2013. Because § 1983 does not provide its own limitations period, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wolfe v. Perry*, 412 F.3d 707, 713-714 (6th Cir. 2005); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The statute of limitations in Tennessee for personal injury or for damages actions brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a); *Roberson*, 399 F.3d at 794. Accordingly, even if Plaintiff's complaint otherwise stated a claim under § 1983, it is barred by the applicable statute of limitations.

**IV.    CONCLUSION**

For the reasons set forth herein, the Plaintiff has failed to state a claim upon which relief can be granted, and this action will be **DISMISSED** with prejudice. An appropriate Order is filed herewith.

_____
Todd Campbell
United States District Judge